IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CLIFF O. HANSON,

    Petitioner,

vs.                                             Case No. 4:14cv573-MW/CAS

JULIE L. JONES,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

On October 23, 2014, Petitioner Cliff O. Hanson, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and supporting memorandum. ECF No. 1. Petitioner challenges his conviction and sentence entered by the Second Judicial Circuit, Leon County, Florida, on February 23, 2007. *Id.*

On May 1, 2015, Respondent filed a motion to dismiss the habeas petition for lack of jurisdiction, as successive, and for lack of custody. ECF No. 12. Respondent asserts that Petitioner previously challenged the same 2007 judgment in a § 2254 petition and Petitioner has not obtained authorization from the Eleventh Circuit Court of Appeals to file a second or successive § 2254 petition. *Id.* at 2-3. Respondent further

asserts Petitioner has completed his sentence and was released with no further restraints on his liberty; therefore, Petitioner is not in custody. *Id.* at 3-4.

Petitioner has not filed a reply to the motion to dismiss, although given an opportunity to do so. *See* ECF No. 11.

The matter was referred to the undersigned magistrate judge for issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters, pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show that the petition is an unauthorized "second or successive" petition and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Analysis

Petitioner Hanson challenges his 2007 conviction and sentence for aggravated assault with a deadly weapon, in case number 2006-CF-3827A1, from the Second Judicial Circuit, Leon County, Florida, following his entry of a nolo contendere plea. ECF No. 1. Petitioner raises two grounds: (1) "actual innocence"; and (2) "extrinsic fraud." *Id.* at 4-5.

As Respondent indicates, however, Hanson has previously filed a § 2254 petition challenging his conviction and sentence in case number 2006-CF-3827A1, and this

Court dismissed that petition as untimely. *See* ECF No. 12 at 1-2; Hanson v. Campbell, No. 4:12cv207-MP/CAS (ECF Nos. 31 (report and recommendation to dismiss § 2254 petition as untimely), 33 (order adopting report and recommendation and dismissing § 2254 petition), 34 (clerk's judgment dismissing § 2254 petition)). This Court and the Eleventh Circuit Court of Appeals denied a certificate of appealability. *See* Hanson v. Campbell, No. 4:12cv207-MP/CAS (ECF Nos. 33 (district court's order denying certificate of appealability), 42 (Eleventh Circuit's denial of certificate of appealability)).

Hanson has not shown a jurisdictional basis for this habeas action. He challenges his confinement pursuant to the same state court judgment he challenged in his prior § 2254 petition. The dismissal of the prior § 2254 petition as time-barred "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under [28 U.S.C.] § 2244(b)." Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005). *See* McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009) (citing Murray and holding that dismissal as untimely constitutes merits disposition and renders later petition second or successive); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (explaining prior untimely petition "counts" to render subsequent petition successive: "[A] statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims."). Thus, the instant petition is "second or successive," for purposes of section 2244(b)(3)(A), and this Court cannot consider a second or successive § 2254 petition unless the Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3); Burton v. Stewart, 549 U.S. 147

(2007) (holding that federal district court lacked jurisdiction to entertain § 2254 petition because state inmate did not obtain order from Court of Appeals authorizing him to file second petition).

In addition, in the order denying a certificate of appealability in his earlier § 2254 case, the Eleventh Circuit explained, as Respondent asserts, that this Court "lacked jurisdiction to entertain the § 2254 petition, because Hanson was not in custody pursuant to the 2007 aggravated assault conviction, case number 2006-CF-3827A1," as "[t]he records submitted by the state, as well as the Florida Department of Corrections website, indicate that Hanson's sentence for his 2007 aggravated assault conviction expired on May 16, 2009, and Hanson was released from custody on that date." Hanson v. Campbell, No. 4:12cv207-MP/CAS (ECF No. 42). See ECF No. 12 at 3-4.

## Conclusion

For the reasons stated above, this § 2254 petition (ECF No. 1) is an unauthorized second or successive petition. Therefore, this Court does not have jurisdiction to consider it, and Respondent's motion to dismiss (ECF No. 12) should be granted.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28

U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability in its final order.  Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 12) be **GRANTED**, the § 2254 petition for writ of habeas corpus (ECF No. 1) be **DISMISSED**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 16, 2015.

                             s/ Charles A. Stampelos  
                             **CHARLES A. STAMPELOS**  
                             **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**